## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON M. CORA,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL NO. 3:10-CV-2059** |
| | : | |
| **JOSEPH SKURKIS, et al.,** | : | **(Judge Munley)** |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

## Background

Ramon M. Cora ("Plaintiff"), an inmate presently confined at the Luzerne County Correctional Facility, Wilkes-Barre, Pennsylvania, initiated this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Service of the Complaint was previously ordered. Named as Defendants are Sergeant Mike Rostowski, Nurse Denise and Correctional Officer Joseph Skurkis, all of whom are employed by the Luzerne County Prison.

Plaintiff's initial claim contends that he was physically assaulted by CO Skurkis in the shower area of the Luzerne County Prison on August 20, 2009. See Doc. 1, ¶ IV(1). As a result of that attack, Plaintiff states that he suffered injuries to his chest, back and rectum. Following the incident, it is alleged that Nurse Denise denied Cora medical treatment.

The Complaint next asserts that Plaintiff was sexually assaulted by Sergeant Rostowski on January 28, 2010. Cora indicates that his clothes were stripped off, he was held down by unidentified officers while Rostowski checked his rectum. See id. at (2). It is again asserted that Plaintiff was denied medical treatment by Defendant Denise after this purported assault. Plaintiff further states that he was placed in segregated confinement without recreation yard privileges

1

because he was taken to a hospital for treatment by the Sheriff's Department. See id. at (3). Cora's Complaint does not specify what type of relief he is seeking.

Defendants have responded to the Complaint by filing a motion to dismiss or in the alternative for a more definite statement. See Doc. 12. The motion is ripe for consideration.

## Discussion

## Motion to Dismiss

Defendants seek dismissal of the complaint on the basis that due to the vagueness of his Complaint, Plaintiff has failed "to successfully allege a violation of his Eighth Amendment rights." Doc. 13, p. 2.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). A plaintiff must present facts that, if true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a)(stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). This requirement "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of the plaintiff's cause of action. Id. at 556. A complaint must  contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___ , 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Iqbal, 129 S.Ct at 1949. Legal conclusions must be

2

supported by factual allegations and the complaint must state a plausible claim for relief. See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, at 555. The reviewing court must determine whether the complaint "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must allege in his complaint "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action). Additionally, *pro se* pleadings are to be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972).

Defendants' motion to dismiss does not specifically address the sufficiency of Plaintiff's allegations of being subjected to excessive physical force on August 20, 2009 and January 28, 2010. However, Defendants do assert that Plaintiff's contention regarding an alleged denial of medical care by Nurse Denise on January 28, 2010 is inadequate for purposes of the Eighth Amendment because in the same paragraph Plaintiff asserts that he was taken to a hospital for treatment, thus, undermining any allegation of deliberate indifference to his medical needs.

Plaintiff's response to Defendants' motion asserts that on August 20, 2009 Officer Skurkis pushed me against a wall. As a result, Cora claims that a surgically implanted wire in his chest broke.[1] Following the assault, Nurse Denise allegedly refused to give Plaintiff any medical assistance. However, during a subsequent court appearance, a Judge ordered the Sheriff's

---

[1] Cora states that he previously underwent open heart surgery after suffering a gunshot wound. As a result of that surgery, wires were implanted to hold his chest together.

3

Department to take Plaintiff to a hospital for treatment. See Doc. 14, p. 1. According to the response, after returning from the hospital, Plaintiff was punished by Defendants Denise and Skurkis by being placed in segregated confinement. Cora next states that he was subsequently assaulted by Roskowski on January 28, 2010. On said date, Plaintiff asserts he was held down by five (5) unidentified correctional officers while Rostowski stuck a broomstick in his rectum. Plaintiff adds that he was then placed in disciplinary segregation for fifty-five (55) days where he also suffered mail interference and a loss of institutional privileges.[2] Plaintiff's response concludes by indicating that he would like to be awarded compensatory damages.

As noted earlier, Defendants' pending motion to dismiss does not set forth any specific argument for dismissal with respect to the assertions of excessive force. Although, said claims are admittedly not set forth with a great degree of factual detail, given Plaintiff's *pro se* status and the serious nature of his claims, there is no discernible basis for dismissal of the excessive force allegations at this juncture.

With respect to the claims against Nurse Denise, this Court agrees that the general allegation in the Complaint that Cora was denied treatment by Denise is undermined by the accompanying assertion that Plaintiff was taken to a hospital for treatment. However, Cora's response to Defendants' motion provides clarification as to his factual assertions and clearly contends that he was denied needed treatment by Denise on both August 20, 2009 and January 28, 2010. Based upon the explanation provided by Plaintiff's opposing brief, outright dismissal of the *pro se* claims of deliberate indifference against Nurse Denise is also not appropriate at this time.

---

[2] Plaintiff also contends that counsel for Defendants has a conflict of interest because her law firm previously represented him. This argument has not yet been addressed by opposing counsel.

4

## More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that " [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response pleading." Under Federal Rule of Civil Procedure 8(a) a complaint should consist of short and plain statements setting forth the basis for jurisdiction, the claims, and a demand for judgment for the requested relief. Although *pro se* litigants such as Cora are entitled to liberal treatment under Haines, they are not free to ignore the Federal Rules of Civil Procedure.

"A court may grant a Rule 12(e) motion when the pleading is so vague or ambiguous that the opposing party cannot respond even with a simple denial in good faith ...." Hicks v. Arthur, 843 F. Supp. 949, 959 (E.D. Pa 1994). Based on a liberal application of the above stated requirements, it is apparent that Cora's Original Complaint is in violation of Rule 8(e). As noted earlier, it fails to set forth Plaintiff's claims in brief, concise and understandable terms.

Although there is not a heightened pleading standard in civil rights cases, a § 1983 complaint in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of each defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[3] A civil rights complaint complies with this requirement if it alleges

---

[3] The United States Supreme Court in Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 167 (1993), held that it was improper to apply heightened pleading standards to § 1983 actions. The Court noted that a § 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id.

the conduct violating plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

As demonstrated by Defendants' dispositive motion as well as the factual averments set forth in Plaintiff's response, Cora's Original Complaint only sets forth vague averments which fail to sufficiently set forth his constitutional claims in concise and understandable terms.[4]  Under even the most liberal construction, Cora's complaint is a flagrant violation of Rule 8.  It does not give fair notice of what Plaintiff's claims are and the grounds upon which they rest.  Accordingly, Defendants' motion for a more definite statement will be granted with leave for Plaintiff to file an amended complaint.  See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff is advised that in order to state a viable civil rights claim each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Cora is additionally reminded that his amended complaint must be complete in all respects.  It must be a new pleading which stands by itself without reference to the complaint already filed.  The amended complaint should clearly identify each Defendant, set forth the factual substance underlying Plaintiff's claims in short, concise and legible statements, and specify the constitutional claims and relief being sought.[5]  Failure of the Plaintiff to timely

---

[4]  While Plaintiff's response to Defendants' motion provides clarity and more factual detail regarding his claims, said submission does not relieve Plaintiff of his burden of filing a proper complaint.

[5]  Plaintiff is also advised that in order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and
(continued...)

submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute.

AND NOW, to wit, this 19th day of July 2011, it is hereby **ORDERED** that:

1.   Defendants' motion to dismiss (Doc. 12) is **DENIED**.

2.   The Defendants' motion for a more definite statement (Doc. 12) is

      **GRANTED**.

3.   Within twenty (20) days of the date of this Order, Plaintiff may file and

      serve an amended complaint which is in compliance with Federal Rule

      of Civil Procedure 8(e).[6]

4.   Failure of Plaintiff to timely submit a proper Amended Complaint or

      otherwise respond to this Order will result in dismissal of his action for

      failure to prosecute.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[5](...continued)
that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984).

      A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990). This is the personal involvement requirement. Liability may not be imposed under § 1983 on the principle of respondeat superior. See Rode, 845 F.2d at 1207 (a defendant in a civil rights action must have personal involvement in the alleged wrongs which can be shown through allegations of personal direction or of actual knowledge and acquiescence).

      [6] Attached to this Order is a form civil rights complaint which this Court routinely provides to pro se litigants.

# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**(1)**_____    :
   (Name of Plaintiff)     (Inmate Number)    :

                                             :

_____    :
   (Address)                           :

**(2)**_____    :
   (Name of Plaintiff)     (Inmate Number)    :
                                           :              _____

_____    :                **(Case Number)**
   (Address)                           :

**(Each named party must be numbered,**    :
**and all names must be printed or typed)**    :

              **vs.**               :          **CIVIL  COMPLAINT**

**(1)**_____    :

**(2)**_____    :

**(3)**_____    :
   (Names of Defendants)             :

**(Each named party must be numbered,**    :
**and all names must be printed or typed)**    :

        **TO BE FILED UNDER:** _____    **42 U.S.C. § 1983 - STATE OFFICIALS**
                        _____    **28 U.S.C. § 1331 - FEDERAL OFFICIALS**

## I.   PREVIOUS  LAWSUITS

        **A.**    If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

_____

_____

_____

_____

## II.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.   Is there a prisoner grievance procedure available at your present institution?   ____Yes   ____No

B.   Have you fully exhausted your available administrative remedies regarding each of your present claims?   ____Yes   ____No

C.   If your answer to "B" is <u>Yes</u>:

1.  What steps did you take?   _____

_____

2.  What was the result?   _____

_____

D.   If your answer to "B" is <u>No</u>, explain why not:   _____

_____

## III.   DEFENDANTS

(1)  Name of first defendant:   _____

Employed as _____ at _____
Mailing address: _____
(2)  Name of second defendant:   _____
Employed as _____ at _____
Mailing address: _____
(3)  Name of third defendant:   _____
Employed as _____ at _____
Mailing address: _____
(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV.  STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case.  Describe how each defendant is involved, including dates and places.  Do not give any legal arguments or cite any cases or statutes.  Attach no more than three extra sheets if necessary.)

1.   _____

_____

_____

2

2. _____

_____

_____

_____

3. _____

_____

_____

_____

## V.   RELIEF

(State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite no cases or statutes.)

1. _____

_____

_____

_____

2. _____

_____

_____

_____

3. _____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.


Signed this _____ day of _____, 20____.


_____
(Signature of Plaintiff)

4